Our next case for argument today is Archer-Daniels-Midland against Country Vision Cooperative. Mr. Slade. Thank you, Your Honor. May it please the Court, I'm Mike Slade for ADM. This appeal raises important questions for buyers under Section 363 of the Bankruptcy Code. As this Court has said repeatedly, for Section 363 to work, as to the buyer, Section 363 sales must be final. There won't be buyers at 363 sales if they have to look over their shoulders for a decade and wonder if the court order under which they bought their assets is worth the paper that it's printed on. Let me start you on a more basic question. The bankruptcy judge found that counsel for Archer-Daniels-Midland knew about Country Vision's recorded interest. Are you contending that that finding is clearly erroneous? We are, well, what the bankruptcy court found was that one person at ADM... The answer is either yes or no. I would say... And then you can explain. Sure. I would think that what the court found was that one person... The answer is either yes or no, and then you can explain. The finding made by the bankruptcy court is not... All right, you're not going to answer my question. Well, it's not... I think it's generally a good idea to try to answer a judge's questions. It is not clearly erroneous, the finding that someone at ADM had information about a right of first refusal. The right of first refusal that was in that email was made by somebody named Dan Zimmerman. That's what the email said. And he's the guy that testified that he knew that the pending sale of Ripon was happening to ADM, but he did not want to get involved in pending proceedings. So rather than that suggesting that ADM is not in good faith, that email suggests that what ADM knew was that this person had notice of the pending sale and could have taken it. No. Look, you're not answering my question, which is whether you are contesting the finding that ADM knew about Country Vision's interest. Well, ADM...  Bankruptcy judge found that it did. So are you saying that that finding is clearly erroneous? Yes. Bankruptcy judge found particularly that counsel for ADM knew about this interest. That was the linchpin of this case, and that was the reason why the district judge found that ADM was not a purchaser in good faith or value. Yeah, it is not accurate. I didn't see in your brief an argument that that finding is clearly erroneous. Did I miss something? Well, I would say we don't believe that the court made a finding that counsel for ADM was aware of this interest. The finding was that some person at ADM, an employee, knew that Dan Zimmerman had asserted that he had a right of first refusal on a property. That's what the email says. And just so we're clear, Your Honor, that is... Is it out that the interest is recorded in the land records? No, it is recorded. We had constructive notice. We agree with that, Your Honor. Your Honor, I would first start with the fact that whether or not we knew about the interest, if Country Visions knew about the hearing before it happened, then they're bound to the result.  Why? Why are they bound to the result? Suppose that you file a lawsuit against Jones, and Jones has actual notice of the lawsuit but is never served with process and is never made a party. The district court then decides the suit. Is Jones bound by the outcome? Well, Jones is not bound by the outcome in that situation, but this is not the same thing. This is not the situation... The reason is because Jones never was made a party. Right. Right? And it's undisputed that Country Visions was never made a party. They were not served with process, but that is... We are not arguing here today that their claim against the people with whom they had an interest, the debtors in this case, is barred. Our argument is that the buyer... If you record something in a land record, your recording is good against whoever takes the property. That's what happens when you record something in a land title record. Well, and if the 363 order is entered, the law is clear that that is good against the world also. And the 363 order entered in this case... No, I don't think it's good against the world. It's good against the litigants. Well, this court held in the Meadowwood case, among other cases, specifically that a bankruptcy court's 363 order is good against the world, whether or not the people... So suppose A and B each have a 50% interest in a parcel of land. A files for bankruptcy. B is never notified. The bankruptcy judge is kept in the dark by A's fraud, not listing the other claim on the property, and sells the land to C. Do you think that wipes out B's interest? It's good against the world. Well, I think that wipes out any claim that B had against C. B might still have a claim against A. B didn't have a claim against C before the bankruptcy case happened, and the existence of the bankruptcy case... But a recorded title to land is a claim against whoever purports to buy the land. There is no doubt that A couldn't sell the land to C without involving B. I disagree. A right of first refusal is a contract that bankruptcy courts across the country have held can be rejected in bankruptcy cases. Actually, it's... You can't reject anything in a bankruptcy case against anybody who is not a party. Bankruptcy contracts and bankruptcy are rejected every day of the week. They are, and the bankruptcy... The debtor has to notify and make a party. Anyone with a claim, anyone who might be the creditor of the debtor, that's the obligation. You get made a party. And so when somebody proposes to reject a contract, the parties can contest it. But if you're not made a party, you can't contest it, and the action doesn't bind you. But my client is not the debtor in this case. We didn't have the ability, we didn't have the duty to give notice to anybody in this case, let alone the contract buyer. We're not saying that they have a remedy against nobody. We're saying that they don't have a remedy against the buyer. And that's what this court specifically held in, among others, the Edwards case. The court held in the Edwards case that there was a strict rule in favor of the 363 buyer. In that case... And there was no doubt in Edwards, it was essential to the holding, that the buyer was a good faith purchaser without notice of any competing interest. That's why I began by asking the question about the bankruptcy judge's conclusion that ADM had notice of a competing interest. There's no question that in Edwards the buyer had notice of the mortgage. It was a proof of claim that was filed in the bankruptcy case. And there's no doubt that the buyer in that case had notice of the mortgage. The premise of the court's finding is otherwise. The premise of the court's finding is that the buyer in this case... We're obviously not talking on the same wavelength. Okay. So I want to go back to the point about notice because I disagree with the premise of your question that if they didn't know about the hearing, they're not bound to the order. I'm not asking about... Okay, I give up. Go ahead. Well, first of all... You're not stating my question correctly, but we've been through this. I apologize, Your Honor. I do want to be responsive to your question. I think what you're asking me is whether or not I dispute that somebody at ADM had notice of this right of first refusal. The answer to that question is no. Somebody at ADM received an email stating that Dan Zimmerman was claiming a right of first refusal on the property, that he knew about the pending sale, and that he intended to object to it. Mr. Slade, let me ask the question in a slightly different way. Sure. I totally understand you're not the debtor, or your client's not the debtor. I get that. But your client is saying, look, we're a bona fide purchaser for value here, and we deserve and are legally entitled to all the protections that go with it, right? But you go into, or your client goes into plan confirmation, undoubtedly having played a big role in putting terms and conditions, timing together, you know, etc., etc., to buy the, what do you call it, the rip-on property? Rip-on property. Okay. And either knowing or should have known about the right of first refusal that way. And the reason I'm stating the question that way is because your client got crosswise, at least to my eye, with both the bankruptcy court and the district court on this point, that you're kind of casting yourself as innocent here, and coming in and really trying to preserve and save and enhance value by being the buyer here. But they're saying, come on. I mean, you can't fake it. I mean, you were in every position possible to make sure that you were a BFP by respecting the right of first refusal. You can't just turn a blind eye to that. That's what I'd like to have you comment on. Sure. We are not turning a blind eye to that. But in a Section 363 sale, that's just not what buyers do. The contrary holding basically says that a buyer really has to get into the who has a potential claim against the estate, but also whether or not that person, all those people, got notice. My client, ADM, got involved in this bankruptcy case right at the end. We were not otherwise involved in the bankruptcy case. We didn't design the auction. We got in at the last minute, and what we said is, we are willing to buy these assets, but only under these specific terms in the court order. You're definitely right about that. Is your point from that then that, look, it's on the debtor to make sure that the notices are shored up. It's not on us, the buyer. The rules put the responsibility of investigating who has to get notice and giving them notice on the debtor and on the court, not on the buyer. In fact, some of the requirements that ADM had to buy this property was that we are requiring court orders saying that notice was proper, that notice was given to everybody, and the specific precision in the APA was that we were requiring the debtor to give proper notice and the court to have found that there was proper notice, and that was found. The question really is whether ADM is entitled to rely on the court order. First of all, the bidding procedures order, which was entered on August 22nd and was printed by Country Visions before the hearing, so the bidding procedures order here, everybody only had a maximum of eight days' notice of this particular sale hearing through the court order that was entered on August 22nd. That same court order was in the files of Country Visions' lawyer, and Country Visions admits that their lawyer printed it before the hearing. There's no question that Country Visions knew about the hearing before it happened. What you're saying is that rather than relying on that bidding procedures order, which put the duty to give notice on somebody else and said notice was proper, that ADM should have done an independent investigation and made sure that not only that they knew about every claim against the property but also that everybody that had a potential claim was served. Mr. Slade, it's different than saying you had to do an independent investigation because the bankruptcy court made the finding that ADM knew. I understand you're saying, well, the email was just that an employee at ADM knew, but that wasn't the bankruptcy court's finding. The bankruptcy court's finding was that your company knew at the time, which is why the bankruptcy court found that you weren't a bona fide purchaser. I agree with you, Judge. The bankruptcy court did find that my client knew. There was conflicting evidence on the topic. The court didn't hold a hearing, and we do dispute that point. Well, that goes back to Judge Easterbrook's first question of whether or not you're arguing that the bankruptcy court's finding was clearly erroneous, and I understood you to say no. Well, it depends on what you're saying the bankruptcy court's finding was. The bankruptcy court found, at least my reading of the bankruptcy court and the district court, is that ADM knew about CVC's interest, not that some employee who was a lower level knew. It was that your company knew about this interest, and therefore you're not a bona fide purchaser. To the extent that that's how you interpret the bankruptcy court's finding, we do believe it's clearly erroneous. But I don't see such an argument in your brief. Am I missing something? I think it's because we did characterize the bankruptcy court's finding. It was the key to the district court's ruling, right? And I don't see an argument in your brief that it's clearly erroneous. Maybe I could imagine such an argument being made, but if it's not made in your brief, you see the problem. I do believe that we made this argument in our brief, and I do think it's just a difference. Where? I would have to go back and look in my brief to give you the answer to that question. Can I just confirm the email that we're talking about or that we're debating? Sure. Is it the August 12, 2011 email that ADM's in-house counsel received from Connie Kletke? Is that the email we're talking about? It was sent to a gentleman named Jeff Becker, who's not the in-house counsel, but yes, that's correct. Okay. So that's what we're debating. Yes, that's correct. Okay. All right. I don't have much time left, but I would like to reserve it. Mr. Slate, I'm sorry. I have one more question for you along this same line. Is it your position that if you are not a bona fide purchaser and CBC knew about the sale and the hearing, that you still prevail?  If they knew about the sale and the hearing, they are bound to the order, and the order says what it says, and we bought free and clear of this particular right of first refusal, which we think that was a contract that was rejected in the Olson bankruptcy. Thank you, Your Honor. Thank you. For what it's worth, Mr. Slate, I've just searched your brief. The phrase clearly erroneous is not in it. It is in the district judge's opinion, but it's not in your brief. I apologize, Your Honor. Thank you. Mr. DiCastro. Good morning, Your Honors. May it please the court. The decisions of the courts below should be affirmed for each of three reasons. First, this Section 363 sale did not extinguish permitted encumbrances, a defined term that broadly encompasses Country Visions' right of first refusal. Second, as the court has already observed, the bankruptcy court never obtained personal jurisdiction over Country Visions. And third, ADM. Why would that matter? That would mean, I think, that Country Visions' rights could not be extinguished, but it wouldn't tell us against who the remedy ran. The remedy might run against the Olsons, who appear to have committed bankruptcy fraud by leaving Country Visions' claim out of their notices. But it wouldn't tell us that there was any remedy against Archer Daniels. Well, Your Honor, I think it was Archer Daniels Midland that raised the issue of the bankruptcy court's order in the first instance and made the argument that it was that order that extinguished the interest because it was a sale free and clear. I would also argue that ADM and the debtors violated Country Visions' right to due process when they purported to sell. I must say I don't. Everybody seems to be talking about due process. One never starts by talking about due process. You start by talking about statutes and regulations and rules here. If those rules are asserted to be unconstitutional, then we can talk about that. But you're not saying, and the bankruptcy judge did not find, that any statute or rule is unconstitutional. Certainly not. It isn't the Constitution that required notice and party status for Country Visions. It was a statute and rules. Why don't we talk about the statute and rules? I'd be happy to talk about that, Your Honor, and we've spelled out at length the procedural violations at issue here. The district court described them as immense. We have discussed the failure to serve any notice whatsoever, not a single piece of paper, on Country Visions. And keep in mind that when you're talking about a sale free and clear, there are a variety of rules that require specific service on anybody who is a known holder of an interest in that property. The service that is required is also the service that's required for a summons and complaint under the rules. And none of that notice was provided here. I think the constitutional due process has come into question here because ADM argues that notwithstanding all the procedural and statutory failures here, that Country Visions had actual notice sufficient to satisfy the minimum requirement. Actual notice might well defeat a constitutional claim. But if they have a statutory right or a right under the bankruptcy rules to be a party, then that claim is not defeated. That's one reason why you don't start with the Constitution. It's just – well, go ahead. I agree, Your Honor, and that is why in our briefs we did try to start with all of the procedural violations at issue. I have another procedural question. Has anybody made the Olsens a party to this proceeding? Country Visions rights were obviously violated because it was not made a party. There is a reasonable question about who should be responsible, who should pay up, whether that should be Archer Daniels or the Olsens and maybe others. So have the Olsens been made parties to these proceedings? I think the Olsens were parties to the proceedings from the very beginning. I believe that they were served with everything even when the appeal was taken, when the motion to reopen the bankruptcy case was filed. I believe, yes, the debtors have been – Motion to reopen the bankruptcy case? I understood this began with a motion to enforce. There was first a motion to reopen the bankruptcy case that was granted by the bankruptcy court, and then there was a motion to enforce. Things got a little bit muddled there, Your Honor, because I – Mr. DeCastro, can I – muddled and muddy. And can I take you into that mud for a minute? Sure. Here's what – I'm not asking a question to try to judge it. I'm just trying to – I'm asking a question just to try to understand what happened, okay? How in the world did Rule 60b-4 enter the entire dialogue of this case? Because as best I can tell, nobody filed a Rule 60b-4 motion. Let me tell you why I'm asking the question. Because it seems to be through this gateway of Rule 60b-4 that we start talking about the Constitution. And we start talking about the Constitution because we start worrying about whether the judgment may be void. I don't know if I'm right even in part with those observations, but can you help me? Yes. So I think what happened here – first of all, I would say I believe Country Visions did, in one of its briefs to the bankruptcy court, did raise the Rule 60b-4 argument. But in the course of examining this issue raised by ADM, whether it was a motion to reopen or a motion to enforce – Well, they did file a motion to reopen. That's how it started. There was no question about it. It's in the appendix. And then to enforce. That was the second step. Correct. And to enforce it. I think in the course of analyzing the circumstances surrounding entry of the bankruptcy court's confirmation order, it was the bankruptcy court that dived into that issue and concluded that there was insufficient notice to Country Visions. So is that to say the bankruptcy court effectively was the one that injected Rule 60b-4 into the case? I'm not saying that's right or wrong, but that's how it happened? As I mentioned, I believe Country Visions did raise it in one of its briefs. But beyond that, yes, I think it was the bankruptcy court that raised the issue and injected the Rule 60b-4. It just seems really odd to me to have a discussion about is the 60b-4 motion properly granted or not granted when there was never a motion even filed? I mean, it may even be a point of trivia here. Well, I think the case is instructed a Rule 60b-4 inquiry can be made sua sponte by the bankruptcy court. And here, that's exactly it. For whether the judgment's void, at least as applied to CBC? Correct, because if it's void, it's void. Maybe that's what happened. And I think that's what's happened here. So I'd like to return, if I may, to the point where the court started off when ADM stood here, and that is with respect to the notice that ADM received. There is no doubt that ADM had constructive notice. The whole world had constructive notice of this right of first refusal because, of course, it was a matter of record since the day that it was signed. The bankruptcy court specifically found that ADM twice received specific notice. And I want to point out it is twice. So one is the email that came a couple of weeks before the confirmation hearing, and that was an email from someone at ADM Grain that said there's a right of first refusal on this property. The second time notice was received was shortly before closing. If we are to believe that ADM never actually looked at a title policy prior to the date of closing, it certainly did get it on the day of closing when it received a copy of that title policy from Counsel for the Debtors. ADM does not make any argument that those findings were clear error. What it says about the email is we were confused because we thought that it was referring to a different piece of property. What it says about the title policy is the information was too buried to notice. Mr. Slade, what happens if there's a finding that you had or your client had actual notice? So if CVC had actual notice but ADM was not a bona fide purchaser, who wins? I think in that situation, if you don't have the bona fide purchaser, I think Country Vision still wins. Even if your client had actual notice, why? I think because the case is instructed, if you know of that adverse interest, and in this case, the bankruptcy court said that ADM can't be the ostrich that buries its head in the sand. Of course, the district court criticized ADM for its stunning lack of candor with the court. If you know of that interest and fail to say anything, that that's a real problem. Why would that trump over if your client knew of it and knew of the sale but failed to step in, I think the reason is that when you look at the totality of the circumstances here, all of the statutory failures that we discussed, if the most that you're saying is that Country Vision's received some notice, and of course here we dispute that it was sufficient actual notice. I'm saying if you had actual notice, more than just some notice, more than constructive notice. If there had been a finding that your client had actual notice, how would that impact the case? And to be clear, Your Honor, are you speaking of formal written notice, as in papers served upon? No, no, no, and thank you for the clarification. Not procedural notice under the bankruptcy rules, but if your client had actual notice of the sale through the phone call, with the debtor's attorney, or some other way, how would that impact the case? Yeah, I think in the end, if you still have somebody who is not a bona fide purchaser and that failed to inform the bankruptcy court about those interests, I think that trumps over any actual notice that Country Vision's got. The important thing to remember here is that these holdings below do not impose a broad new duty on buyers in Section 363 sales. We merely held that when a buyer has actual knowledge of the adverse interest and fails to say anything about it, that's a problem. In other words... So you're not asking for a finding that they had some obligation to go and investigate? No, I think if I were to summarize it, Your Honor, I think I would say the principle we're asking this court to affirm here today is you cannot sacrifice honesty at the altar of expediency and finality. Mr. Dick, can I ask you about, on the notice point a little bit, is it your position that, look, somebody really knew what was going on here, the lawyer. He was well aware that not only about the Olson bankruptcy, but the Ripon property was at issue and very well could be sold that way. Is your point that, okay, fine, give him all the benefit of the doubt on that, but that doesn't cure the lack of formal rules-based notice to your client? I certainly think that this case can be decided on the statutory and procedural failures alone. And just as a commercial matter, would it be your position that, all right, they were well aware of the prospect that the Ripon property could be disposed of as part of plan confirmation, and they just made a strategic choice. They're not going to get involved. They weren't going to step forward on this. You know, in other words, Averbeck's not going to show up at the plan hearing and say, hey, we've been ignored, and we hold a right of first refusal, and ignoring us is not an option. I think I would state it a little differently, but, yes, I generally agree with you. And the way that I would state it is that under these circumstances, in particular, when you have a notice that goes out that tells the world that permitted encumbrances are not being extinguished by this sale, and to adopt that definition, matters of record that do not interfere with the present use of the property, that, by definition, is not notice that the interest is going to be stripped. It's the exact opposite. So is that to say that you all thought, look, our right of first refusal, they can sell it to whoever they want, but it's going to survive the bankruptcy, and we'll deal with it later? I think based on the permitted encumbrances language, based on Section 363F, which ADM continues to ignore in its briefing. We never once hear what subsection they were entitled to sell free and clear under. Based on Wisconsin law of rights of first refusal. You mean F versus M? Or F versus E or whatever? F1 through 5. Right, okay. Oh, I see, I see. Okay. And based on Wisconsin law of rights of first refusal and the due process issues, the sum total of those things outweighs any interest that ADM had in finality here. You have to remember that this is a recorded right. It is a right that is supported by the remedy of specific performance. The Wisconsin courts below, it's a unique situation where we have the Wisconsin courts, having decided some issues that are relevant to this appeal, have said it's in a pertinent servitude that runs with the land. It is not an interest, I would point out, unlike the interest in Edwards, that can be satisfied by attaching to the proceeds of sale. Remember that Edwards involved a second mortgage lien. And we all know that a second mortgage lien has value only to the extent that the property is worth more than the first lien. There, the second mortgage lien creditor, its interest did attach to the proceeds of the sale. But it simply didn't like the result. So what procedural rule or statutory failure do you think ADM is responsible for? The rules put the notice requirement on the debtor, not on the buyer. So what rule or statute is it that you think ADM is responsible for violating? I guess I wouldn't say, Your Honor, that I wouldn't pin a specific statute or rule on the buyer in a 363 sale. I guess what I would say is what I stated before, and that is that where the buyer has actual knowledge, as the bankruptcy court found here, of that adverse interest, it has a duty to say something about it. It cannot hide that fact from the bankruptcy court. I see that my time is up, and we'd ask that the court affirm. Thank you. Thank you. Mr. Slade, I will give you a full minute for rebuttal. I appreciate that, Your Honor, and thank you. I want to be direct in response to your question. The bankruptcy court found that my client knew of the right of first refusal. But the key part of it is that the bankruptcy court did not find that we knew notice had not been given to Country Visions' predecessors. That's the key. We believe notice had been given, and, in fact, the email that is relied on suggests that they knew of it. Your client knew that Country Visions was not a party. I don't think – we're the buyer. We didn't investigate who was a party, who wasn't a party. All you do is look at the docket sheet and find out who's a party. Right. ADM was the buyer, a 363 buyer. Let me put this in a different way. Absolutely. Suppose the interest in question is an easement. There's a pipeline running under a parcel of land, and there's a proper easement. The easement is recorded. The pipeline company has a right to run the parcel under the land. In a bankruptcy sale, the parcel of land is purchased. Does the purchaser then get to tell the pipeline company it has to tear up the pipeline and take it out because its easement has been extinguished? Well, that's a different question because that's not a contract. No, it's my question. I wish you would address it. The answer to your question is no. You can't buy free and clear of recorded easement. That's different than this instrument. Well, this is something where there was an interest in the land recorded in the system of records. It's a right of first refusal. Under the bankruptcy law, it is a contract that should be rejected. Under the APA, it's specifically defined as an option. Why is an easement not a contract that should be respected? Because why is an easement not a contract? An easement is a contract. That's how it comes about. And it's then recorded in the land records, so everybody knows about it. The difference between an easement and a contract is reflected by the court's decision in the Gouveia case. There's no performance remaining on both sides. It's not an executory contract. A right of first refusal is an executory contract, as all of the authorities that we've cited have held. We believe it was rejected. If you look at the contract, the APA, if you look at the— Okay, we have your position. Judge St. Eve? No, I'm fine. I didn't want to interrupt you. Thank you, Judge. Okay. Thank you very much. The case is taken under advisement.